UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRANDON HALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:13-cv-00508 |
| | ) | Consolidated into Lead Case No. |
| v. | ) | 3:13-cv-0409 |
| | ) | |
| HILLSBORO PLAZA RETAIL | ) | |
| PARTNERS I, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is of one five separate lawsuits that have been consolidated into a lead case, *Hall v. Ramdev Ji, LLC*, No. 3:13-cv-00409 ("Lead Case"). In this case (hereinafter, "*Hillsboro*"), Defendant Hillsboro Plaza Retail Partners I, LLC ("Hillsboro") has filed a Motion to Dismiss Pursuant to Rule 12(b)(1) (*Hillsboro* Docket No. 10), to which the plaintiff, Brandon Hall, filed a Response in opposition (*Hillsboro* Docket No. 15). For the reasons stated herein, the Motion to Dismiss will be denied.

According to his Complaint, Brandon Hall is a paraplegic who requires a wheelchair to ambulate. Hall alleges that Hillsboro is responsible for ensuring that Greenbrier Village, a shopping center located in Nashville, Tennessee, complies with the provisions governing public accommodations set forth inTitle III of the Americans with Disabilities Act ("ADA"), but that it failed this responsibility in multiple respects.[1] The Complaint enumerates numerous ADA

---

[1]The ADA forbids covered entities from discriminating against disabled individuals by interfering with their "full and equal enjoyment" of public accommodations. 42 U.S.C. § 12182(a). If a place of public accommodation violates the ADA, a court can enjoin a responsible defendant "to alter facilities to make such facilities readily accessible to and usable by individuals

1

deficiencies that Hall claims to have "personally encountered" at Greenbrier Village, relating to site access, the parking lot, and toilet facilities.² Hall alleges that Hillsboro "owns, leases, leases to [sic], or operates" the property at issue. Hall also alleges that the list of ADA violations he encountered is based on his "preliminary inspection" and is not meant to be exhaustive; thus, he states that he requires an inspection to identify all of the areas of Greenbrier Village that contain deficiencies for which Hillsboro may be liable.

Hillsboro has moved to dismiss the Complaint for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), asserting both facial and factual challenges to Hall's standing to sue. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). In the facial challenge, Hillsboro alleges that Hall has not alleged sufficient facts to support Article III standing. In the factual challenge, Hillsboro contends that, after it received Hall's Complaint, it remedied the deficiencies alleged by Hall for which Hillsboro believes it was responsible – *i.e.*, only a subset of the alleged deficiencies. In support of this position, Hillsboro has filed materials outside the pleadings, including an affidavit from a representative of its third-party property management company, Brookfield Properties, Inc. (*see Hillsboro* Docket No. 12, Affidavit of Miles Warfield) and an affidavit from an ADA compliance specialist who supervised and purports to have confirmed Hillsboro's efforts to remedy certain violations alleged by Hall (*see*

---

with disabilities." 42 U.S.C. § 12188(a)(2). With respect to certain facilities, a defendant discriminates under the ADA based on a "failure to remove architectural barriers . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(a)(iv). "Readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* at 12181(9).

²Hall has filed several similar ADA lawsuits against other entities relating to other properties, in which Hall accuses those entities of violating Title VII of the ADA. The court has consolidated this case and three others into *Ramdev*. This opinion relates only to Hall's lawsuit against Hillsboro, not to the other consolidated cases.

*Hillsboro* Docket No. 13, Affidavit of Kenneth Barry Bonifay). In support of his opposition to Hillsboro's motion, Hall filed an affidavit from a compliance specialist who, after reviewing the Bonifay Affidavit, opines that Hillsboro has not demonstrated that it has fully remedied certain deficiencies, that Hillsboro may have created other violations in the process, and that Bonifay has not sufficiently justified his conclusion that certain remedies were not "readily achievable" under the ADA. (*See Hillsboro* Docket No. 16, Affidavit of Carol Durbin; cross-docketed at Lead Case Docket No. 18.)

Under Article III of the United States Constitution, this court only has the power to resolve actual cases and controversies, which requires that a plaintiff show standing to sue at each stage in the litigation. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62, 112 S. Ct. 2130,119 L. Ed. 2d 351 (1992). To establish Article III standing, a plaintiff must show that: (1) he has suffered an "injury in fact" that is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested. *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 120 S. Ct. 693, 145 L. Ed.2d 610 (2000). When, as here, a plaintiff seeks injunctive relief, the plaintiff must demonstrate that there is a non-speculative, imminent threat of repeated injury to establish that there is an injury in fact. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983); *Fieger v. Mich. Sup. Ct.*, 553 F.3d 955, 966 (6th Cir. 2009).

A facial attack on the subject matter jurisdiction alleged in the complaint challenges the sufficiency of the pleading. *Gentek*, 491 F.3d at 330. "When reviewing a facial attack, a district court takes the allegations in the complaint as true, which is a similar safeguard employed under

12(b)(6) motions to dismiss." *Id.* In Hillsboro's facial challenge, Hillsboro contends that Hall has not established a sufficient connection between himself and the alleged ADA violations to establish standing. Hillsboro suggests that Hall's pleading must demonstrate that each alleged violation actually barred him from accessing or entering the premises, but they provide no legal support for that position. At any rate, Hall has alleged that (a) he is a resident of Shelbyville (a municipality within this judicial district), (b) he visited Greenbrier Village, (c) during that visit (or visits) he "personally encountered" the architectural barriers "enumerated" in his Complaint; (d) those architectural barriers "have impaired his ability to use the toilet rooms at the premises, park his vehicle at the premises, to access around the premises [sic], and to enjoy his ability to access the goods and services offered at the premises," and (e) he intends to return to utilize the property, if and when it becomes ADA compliant. *See* Compl. ¶ 5, 7, and 8. For purposes of the facial challenge, the court must accept Hall's factual allegations as true.

It does not appear that the Sixth Circuit has specifically addressed the pleading requirements to survive a Rule 12 standing challenge in an ADA public accommodations case. However, other circuit court cases and district court authority demonstrate that Hall's allegations are sufficient to establish standing, at least at this early stage in the case, because the accommodations he seeks to remedy (including additional violations that he did not personally encounter) have affected and/or would affect his specific disability. *See Steger v. Franco, Inc.*, 228 F.3d 889, 893-94 (8th Cir. 2000) (holding that blind plaintiff had standing to challenge ADA violations by defendant that could injure blind persons, even where blind plaintiff had not personally encountered all of those barriers); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002) (allegation that ADA barrier "currently deterred" plaintiff from

4

attempting to gain access to defendant's property established "actual" and "imminent" injury); *Chapman v. Pier I Imports, Inc.*, 631 F.3d 939, 950 (9th Cir. 2011) ("[A]n ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier."); *Access 4 All, Inc. v. OM Mgm't, LLC*, No. 206-CV-0374, 2007 WL 1455991, at *8 (S.D. Ohio May 15, 2007) ("Because the injury is part of the hotel structure, the injury is always 'actual and imminent' and will continue to hold that status until the property becomes ADA compliant"); *Access for the Disabled, Inc. v. 7-Eleven, Inc.*, No. 13-cv-107-T-30TGW, 2013 WL 3270418, at *2-*3 (M.D. Fla. June 26, 2013) (denying Rule 12(b)(1) motion and finding that plaintiff had established standing under *Lujan* and imminent threat of future injury, where plaintiff alleged that she encountered barriers to access, was deterred from using the property again because of those barriers, and intended to visit the property again in the near future).

"When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *See Am. Telecom, L.L.C., v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007); *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007). In Hillsboro's factual challenge, Hillsboro argues, based on the Warfield Affidavit and the Bonifay Affidavit, that it has successfully remedied all of the ADA violations alleged by Hall in his Complaint. Hall does not dispute that, if Hillsboro actually remedied all of the ADA deficiencies at Greenbrier Village, the case would be rendered moot. Indeed, consistent with Fed. R. Civ. P. 12(h)(3), federal courts have dismissed cases as moot at any stage in the litigation in which the defendant has demonstrated that the ADA violations have been fully remedied. *See, e.g., Scott v. Cash to Go*,

5

Case No. 6:13-cv-142-Orl-37KRS, 2013 WL 1786640, at * (M.D. Fla. Apr. 26, 2013) (granting Rule 12(b)(1) where it was undisputed that defendant had remedied alleged ADA Title III violation); *Norkunas v. Tar Heel Capital Wendy's LLC*, Civil Action No. 5:09-CV-00116, 2011 WL 2940722 (W.D.N.C. July 19, 2011) (where it was undisputed that defendant had remedied four out of five alleged ADA violations, claims were moot and subject to dismissal at Rule 56 stage). However, Hall argues that (1) Hillsboro, by its own admission, self-limited its corrections to unspecified portions of Greenbrier Village that Hillsboro claims to own, as opposed to (unspecified) areas that it does not; (2) even with respect to the changes Hillsboro did make, Hillsboro (a) failed to remedy some of the alleged violations, (b) may have created additional potential ADA violations in the process of attempting to remedy the violations identified in the Complaint, and/or (c) failed to establish why certain changes were "not readily achievable;" and (3) Hillsboro may be responsible for other ADA violations at Greenbrier Village that have not yet been discovered, but that would be discovered during an inspection pursuant to Fed. R. Civ. P. 34.

After considering the evidence, the court agrees with Hall's position that judgment at this stage is not warranted. First, Hillsboro has not established that its potential liability is limited only to the portions of Greenbrier Village that it claims to own. The Warfield Affidavit does not purport to be based on personal knowledge, nor is it clear how Warfield, who works for a third-party entity, can make representations on behalf Hillsboro as to (a) what property Hillsboro owns and does not own, and (b) what Hillsboro's subjective intentions are. Furthermore, even assuming that it is based on personal knowledge, the Warfield Affidavit is vague as to which portions of Greenbrier Village Hillsboro owns and/or is otherwise responsible for. The affidavit

states that Hillsboro "owns most, but not all" of Greenbrier and does not own Jet's Pizza, but it fails to specify the remaining scope of its ownership. Thus, standing alone, the affidavit does not provide the court any basis upon which to assess whether Hillsboro's self-limiting construction of Hall's Complaint is factually accurate. Finally, even if the court were to accept Warfield's representation that Hillsboro has made changes to all portions of the property that it owns, Hillsboro has not provided any factual support or legal authority indicating that (a) as a default matter, its responsibility to comply with the ADA is limited to property that it owns (as opposed to say, property that it leases); and/or (b) only Hillsboro's (unspecified) tenants – rather than Hillsboro – are legally responsible to comply with the ADA for portions of the property that they lease from Greenbrier. Although it may be that, based on a developed record, Hillsboro is not responsible for any portions of the property other than those it has already addressed, the court cannot make that finding based on the limited record before it.

Second, the court is persuaded that the Durbin Affidavit (incorporating her letter addressing Hillsboro's changes) shows that there are genuine disputes concerning the adequacy of the changes that Hillsboro did implement. Although it appears that these changes may have remedied some of the alleged deficiencies, the court is not yet convinced that, as a factual matter, Hillsboro necessarily has remedied all of them. Furthermore, although Bonifay concludes that remedying one of the deficiencies would not be "readily achievable," he provides insufficient evidence from which, at this early stage, the court could draw the same conclusion.

On a more complete record at a later stage in the proceedings, the outcome might be

different, and the court might find that the case has been mooted in whole or in part.³ However, for the reasons stated herein, discovery is warranted, and Hillsboro's motion under Rule 12(b)(1) is hereby **DENIED**.

It is so **ORDERED**.

Enter this 17th day of July 2013.

_____
ALETA A. TRAUGER
United States District Judge

---

³It seems that Hall would have little incentive to litigate his claims any further than is necessary, given that the Supreme Court has rejected the "catalyst" theory with respect to fee-shifting under the ADA. *See Buckhannon Bd & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001).